**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

CAPITAL ONE, N.A., )
)
    Plaintiff, )
)
v. ) C.A. No. N14L-07-102 EMD
)
SUZANNE M. BACHOVIN, )
)
    Defendant. )
)
)

## ORDER GRANTING DEFENDANT'S CROSS-MOTION TO ENFORCE SETTLEMENT

Upon consideration of Plaintiff's Motion to Enforce Settlement (the "Motion") filed by Plaintiff Capital One, N.A. ("Capital One"); Defendant's Response to Plaintiff's Motion to Enforce Settlement and Defendant's Cross-Motion to Enforce Settlement (the "Cross-Motion") filed by Defendant Suzanne M. Bachovin; Plaintiff's Opposition to Defendant's Cross-Motion to Enforce Settlement ("Opposition") filed by Capital One; the arguments made in support of the Motion, the Cross-Motion and the Opposition at the hearing (the "Hearing") held on December 11, 2017; the entire record of this civil proceeding; and for the reasons set forth on the record at the Hearing:

1.      The party seeking to enforce a settlement agreement bears the burden of proving the agreement's existence by a preponderance of the evidence.[1] Such settlements may be enforced even in the absence of a signed writing:

> "Delaware law favors the voluntary settlement of contested suits," and such arrangements will bind the parties where they agree to all material terms and intend

---

[1] *Stone Creek Custom Kitchens & Design v. Vincent*, 2016 WL 7048784, at *3 (Del. Super. Dec. 2, 2016) (citing *Spacht v. Cahill*, 2016 WL 6298836, at *2 (Del. Super. Oct. 27, 2016)).

to be bound by that contract, "whether or not [the contract is] made in the presence of the court, and even in the absence of a writing."[2]

2.     The party seeking enforcement must prove: "(1) the intent of the parties to be bound by it; (2) sufficiently definite terms; and (3) consideration."[3] Intent to be bound is based on the "objective manifestations of assent and the surrounding circumstances," not "subjective intent."[4] "A settlement agreement may leave matters to future negotiation if those matters are not essential terms."[5] Evidence of settlement negotiations is admissible in an action to enforce settlement agreement.[6]

3.     The Court finds that the Capital One and Ms. Bachovin entered into a binding settlement agreement on September 1, 2017. The email sent on August 30, 2017 ("August 30 Email") set forth the material terms of settlement.[7] As such, the parties reached a settlement on September 1, 2017 based on the terms in the August 30 Email. The August 30 Email did not state whether Ms. Bachovin's payments (the "Payment" or "Payments") to Capital One would be mortgage payments or settlement payments. The parties exchanged several draft settlement agreements for nearly two months.

4.     Where there is no express term in an agreement, the Court will supply an "appropriate term."[8] In this case, the parties dispute whether the Payments are settlement or mortgage payments. Capital One based the Payments on Ms. Bachovin's current "mortgage

---

[2] *Stone Creek*, 2016 WL 7048784, at *3 (quoting *Schwartz v. Chase*, 2010 WL 2601608, at *4 (Del. Ch. June 29, 2010)).

[3] *Stone Creek*, 2016 WL 7048784, at *3 (quoting *Sheets v. Quality Assured, Inc.*, 2014 WL 4941983, at *2 (Del. Super. Sept. 30, 2014)).

[4] *Id.*

[5] *Stone Creek*, 2016 WL 7048784, at *3 (quoting *Spacht*, 2016 WL 6298836, at *3) (internal quotations omitted).

[6] *Loppert v. WindsorTech, Inc.*, 865 A.2d 1282, 1286 (Del. Ch. 2004), *aff'd*, 867 A.2d 903 (Del. 2005).

[7] Mot., Ex. A; *see also Stone Creek Custom Kitchens & Design v. Vincent*, 2016 WL 7048784, at *3 (Del. Super. Dec. 2, 2016) (quoting *Spacht*, 2016 WL 6298836, at *3) (internal quotations omitted) ("A settlement agreement may leave matters to future negotiation if those matters are not essential terms.").

[8] *Stone Creek*, 2016 WL 7048784, at *4 (applying an appropriate term for the time of payment absent in a settlement agreement).

2

payment." The Payments consisted of: principle, interest, and county tax. The Payments also excluded hazard insurance. Capital One required Ms. Bachovin to maintain hazard insurance under the settlement agreement. Under the circumstances, Ms. Bachovin necessarily would have expected that she would get the benefit (tax and otherwise) of having the payments considered as mortgage payments. Capital One's concerns, as expressed at the Hearing, are more ministerial as opposed to substantive. Therefore, the Court finds that the Payments are mortgage payments.

5. The next issue relates to the effective date of the settlement agreement. The August 30 Email set forth the material terms of the settlement. The August 30 email stated that "Ms. Bachovin has 180 days to vacate the property. The 180 days does not begin to run until after the settlement documents are executed."[9] The parties have not executed a formal settlement agreement. The parties began negotiations in early September 2017.

6. Ms. Bachovin continues to reside on the Property. The record does not reflect that Ms. Bachovin made any Payments during September, October, November, or December of 2017. The parties agreed to the material terms of settlement on September 1, 2017. The Parties reasonably believed they would have had an executed settlement agreement by October 1, 2017 as referenced in the draft settlement agreements.[10] The draft settlement agreements had the first payment due on November 1, 2017.

7. When negotiations continued into October, the parties removed the effective date of October 1, 2017 and added "Due Date."[11] On October 30, 2017, Capital One sought to reduce the 180-day delay to a 150-day delay because Ms. Bachovin remained on the Property during October for free.[12] Based on the parties' intentions at the outset of negotiations, the Court finds

---

[9] Mot., Ex. A.
[10] Cross-Mot., Ex. D, E, F.
[11] Cross-Mot., Ex. G, H, I.
[12] See Opp., Ex. 6.

that the parties, absent minor disputes, intended the settlement agreement to become effective on October 1, 2017.

**IT IS HEREBY ORDERED** that the Cross-Motion is **GRANTED** as to the issue of whether the payment constitutes a mortgage payment or settlement payment;

**IT IS HEREBY FURTHER ORDERED** that Payment will relate back to November 1, 2017.

Dated: December 27, 2017
Wilmington, Delaware

_____
Eric M. Davis, Judge

cc:    File&ServeXpress

4